FILED
IN CLERKS OFFICE

2012 JUN 18  A 9: 56

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT

| THIRD DEGREE FILMS<br><br>*Plaintiff,*<br><br>v.<br><br>DOES 1-47<br><br>*Defendants.* | CIVIL ACTION No. 1:12-cv-10761 |
|---|---|

## MOTION TO QUASH AND MEMORANDUM IN SUPPORT OF MOTION

Defendant Doe[1] moves to quash the subpoena issued in connection with the Order Granting Plaintiff's Emergency Ex-Parte Motion for Early Discovery (the "Subpoena"), which appears as Attachment A to this motion. In attempting service of the subpoena, Third Degree Films ("Plaintiff") failed to use a proper method of service required by Federal Rule of Civil Procedure 45(b). An improperly served subpoena has no legal effect on the subject of the subpoena, and compliance with the Subpoena's request would violate Comcast's privacy policy, which appears as Attachment B to this motion, and 47 U.S.C. 551(c)(2). Defendant Doe has standing to bring this motion because the disclosure of its personal information would violate its right to privacy provided through 47 U.S.C. 551 and the Comcast privacy policy.

### I.  Background

Defendant Doe received a letter dated May 22, 2012, informing it that Comcast had received a subpoena seeking Defendant Doe's "name, address and other information." As attachments, this letter included a copy of the Subpoena, an Order issued by the United States District Court for the District of Massachusetts, and a Court-Directed Notice. The letter explains that "Comcast will provide [the recipient's] name, address and other information as directed in

---

[1] The ISP address allegedly associated with each defendant is not specified in the subpoena. The last five digits of the ISP address allegedly associated with this defendant are 23157.

the Order unless [the recipient] file[s] something with the District of Massachusetts such as a motion to quash or vacate the Subpoena," and the court-directed notice provides Massachusetts legal resources.

The Subpoena seeks disclosure of "…the names, addresses, email addresses, and any other court-ordered information … of … subscribers assigned the IP addresses identified" by counsel for Third Degree Films ("Plaintiff"). The Subpoena's proof of service, which appears as Attachment C to this motion, alleges service on the "Custodian of Records via Email." No signature appears on the proof of service. *See* Attachment C.

## II. Argument

### A. Plaintiff Has Not Served the Subpoena as Required by Rule 45.

Rule 45 of the Federal Rules of Civil Procedure establishes the requirements necessary for a subpoena to compel action under law. One of these requirements is service by "personal delivery." *Scarpa v. Saggese*, 1994 WL 38620 (1st Cir. Feb. 10, 1994). Service by email or another method other than "personal delivery" does not satisfy the service requirement of Rule 45. *See* id.

The proof of service submitted by Plaintiff indicates that the Subpoena was served "via email." *See* Attachment C. Plaintiff has made no representation that the Subpoena was served via personal delivery as required by Rule 45. Accordingly, Plaintiff has not complied with Rule 45, and Comcast is not required to disclose Defendant Doe's information as requested by the subpoena.

### B. Disclosure of the Information Requested by the Subpoena Would Violate the Comcast Privacy Policy and 47 U.S.C. 551.

The Comcast Privacy Policy states that "Comcast considers the personally identifiable information contained in our business records to be confidential," and that "[t]he Cable Act

prohibits us from disclosing personally identifiable information concerning any subscriber for any purposes other than those listed ... without the subscriber's prior written or electronic consent." Attachment B. The listed situations include where "[Comcast is] required by law or legal process to disclose certain personally identifiable information about [a customer] to lawyers and parties in connection with litigation." *Id.* Similarly, 47 U.S.C. 551 provides that "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator." One exception to 47 U.S.C. 551 is where "the disclosure [of personally identifiable information] is ... made pursuant to a court order authorizing such disclosure." 47 U.S.C. 551(c)(2)(B).

As indicated in the language from the Comcast Privacy Policy and 47 U.S.C. 551 described above, Comcast has an obligation to prevent the disclosure of its subscribers' personally identifiable information. Defendant Doe provided its personally identifiable information to Comcast with the understanding and under the condition that Comcast would act in accordance with the Comcast Privacy Policy. Under the Comcast Privacy Policy, Comcast can disclose a subscriber's personally identifiable information only where an exception applies. The exceptions described above apply only where the law compels disclosure. Because Plaintiff has not served the Subpoena as required by Rule 45, the law does not compel Comcast to comply with the Subpoena. Accordingly, no exception to the Comcast Privacy Policy or 47 U.S.C. 551 applies in connection with the Subpoena. And in fact, Comcast's disclosure of Defendant Doe's personally identifiable information in response to the Subpoena would constitute a violation of both the Comcast Privacy Policy and 47 U.S.C. 551.

C.  Disclosure of the Information Requested by the Subpoena Would Infringe upon Defendant Doe's Rights Arising from 47 U.S.C. 551 and the Comcast Privacy Policy.

Defendant Doe's right to the protection of its personally identifiable information is recognized by both 47 U.S.C. 551 and the Comcast Privacy Policy. This right would be violated by disclosure of personally identifiable information in response to the Subpoena, regardless of how, or if, this information is used by the recipient.

A party with "some personal interest" in the information sought by a subpoena has standing to oppose that subpoena, even if it is issued to another party. *See Atlantic Inv. Mgmt. v. Millenium Fund I*, 212 F.R.D. 395 (N.D. Ill. 2002). As described in section II.B., both 47 U.S.C. 551 and the Comcast Privacy Policy promise the protection of a subscriber's personally identifiable information except under defined exceptional circumstances, including when the law compels disclosure. And as described in section II.A., because the Subpoena was not served in accordance with the requirements of Federal Rule of Civil Procedure 45, the law does not compel Comcast to disclose Defendant Doe's personally identifiable information in response to the Subpoena. Accordingly, Defendant Doe has standing to move to quash the Subpoena because if it does not file this motion, Comcast will disclose its personally identifiable information and violate its personal right to the protection of its personally identifiable information afforded by 47 U.S.C. 551 and the Comcast Privacy Policy.

### III. Conclusion

For the reasons presented above, Defendant Doe requests that the Court grant this Motion to Quash the Subpoena.

_____X_____<br>
Defendant Doe, *pro se*

## Certificate of Service

I certify that on June 18th 2012, I delivered a copy of the Motion to Quash Subpoena and Memorandum in Support via certified mail to the parties listed below:

FILED
IN CLERKS OFFICE

2012 JUN 18  A 9 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

Marvin Cable

Law offices of Marvin Cable

73 Bridge Street, Suite #6

North Hampton, MA 01060


Comcast

NE&TO

650 Centerton Road

Moorestown, NJ 08057


_____
Signature

6-18-12
_____
Date