EXHIBIT 1



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

May 22, 2012

*Personal and Confidential*

*Via UPS Delivery*

REDACTED

Re:   *Third Degree Films, Inc. v. Does 1-47*
United States District Court for the District of Massachusetts
Docket No.: 1:12-cv-10761
Order Entered: May 1, 2012
Comcast File #: 378986

Dear

   Third Degree Films, Inc. has filed a federal lawsuit in the United States District Court for the District of Massachusetts. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Third Degree Films, Inc.'s copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 71.233.51.203 on 2012-03-12 01:07:32 ET. The court has ordered Comcast to supply your name, address and other information to Third Degree Films, Inc. in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:12-cv-10761 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

   Comcast will provide your name, address and other information as directed in the Order unless you or your attorney file something with the District of Massachusetts such as a motion to quash or vacate the Subpoena no later than June 21, 2012. Should you choose to contest the release of your information by filing legal process with the court, it must be filed in the same court where the lawsuit is filed. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to **(866) 947-5587** no later than June 21, 2012. **Please note that Comcast cannot accept or file any legal action on your behalf**. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff on the next business day after June 21, 2012.

   If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments:   Copy of Subpoena, Court Order and Court-Directed Notice regarding civil action

## ATTACHMENT A

Table of Last-Observed Infringements by Defendants of Copyrights in Listed Motion Pictures that Are the Subject of Third Degree Films, Inc.'s Listed Copyright Registrations

| Doe # | ID | Internet Protocol Address (IP) | Internet Service Provider (ISP) | Motion Picture Title / Copyright Registration Number | Timestamp (U.S. Eastern Time) | Protocol |
|---|---|---|---|---|---|---|
| Doe 1 | 10022922 | 107.3.53.237 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-14 22:38:02 -0500 | BitTorrent |
| Doe 9 | 10740496 | 24.147.228.71 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-03 04:02:18 -0500 | BitTorrent |
| Doe 11 | 10649545 | 24.218.160.221 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-05 21:36:25 -0500 | BitTorrent |
| Doe 12 | 11036607 | 24.34.19.235 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-15 10:40:34 -0500 | BitTorrent |
| Doe 13 | 11495267 | 24.34.251.16 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-03-01 01:14:55 -0500 | BitTorrent |
| Doe 14 | 11637481 | 24.34.99.227 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-03-05 23:54:45 -0500 | BitTorrent |
| Doe 15 | 9881814 | 24.60.125.164 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-09 09:10:03 -0500 | BitTorrent |
| Doe 16 | 11399898 | 24.60.181.144 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-27 00:10:10 -0500 | BitTorrent |
| Doe 17 | 9928637 | 24.61.8.211 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-11 06:17:29 -0500 | BitTorrent |
| Doe 18 | 9833583 | 24.63.27.50 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-06 19:10:46 -0500 | BitTorrent |
| Doe 19 | 10655064 | 50.133.231.57 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-03 07:15:00 -0500 | BitTorrent |
| Doe 20 | 10589088 | 65.96.113.220 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-01 23:55:33 -0500 | BitTorrent |
| Doe 21 | 9946451 | 65.96.205.17 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-11 22:39:33 -0500 | BitTorrent |
| Doe 23 | 10660026 | 66.30.133.52 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-05 02:59:42 -0500 | BitTorrent |
| Doe 24 | 10225792 | 66.31.45.126 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-21 17:13:39 -0500 | BitTorrent |
| Doe 28 | 9887729 | 71.192.11.193 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-09 05:02:54 -0500 | BitTorrent |
| Doe 29 | 10125400 | 71.192.241.62 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-18 04:20:19 -0500 | BitTorrent |
| Doe 30 | 10251999 | 71.192.89.140 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-22 11:48:57 -0500 | BitTorrent |
| Doe 31 | 10915241 | 71.232.27.243 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-11 17:11:41 -0500 | BitTorrent |
| Doe 32 | 11238633 | 71.232.56.11 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-21 22:38:12 -0500 | BitTorrent |

| Doe 33 | 10204601 | 71.233.116.146 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-20 22:36:51 -0500 | BitTorrent |
| Doe 34 | 11819764 | 71.233.51.203 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-03-12 01:07:32 -0400 | BitTorrent ✓ |
| Doe 35 | 11464304 | 71.233.99.135 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-02-28 23:31:54 -0500 | BitTorrent |
| Doe 38 | 12121553 | 76.118.166.67 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-03-21 22:35:37 -0400 | BitTorrent |
| Doe 39 | 10096432 | 76.119.241.38 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-17 02:28:53 -0500 | BitTorrent |
| Doe 41 | 9753058 | 76.24.77.224 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-01-03 13:17:09 -0500 | BitTorrent |
| Doe 47 | 12046353 | 98.229.219.214 | Comcast Cable | Milf Wars: Lisa Ann Vs Julia Ann / PA0001735147 | 2012-03-19 10:44:08 -0400 | BitTorrent |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | | |
|---|---|---|
| Third Degree Films, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 12-CV-10761-WGY |
| | ) | |
| DOES 1-47 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Comcast Cable (hereinafter "ISP"), Legal Response Center
650 Centerton Road, Moorestown, NJ 08057

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents sufficient to identify the names, addresses, email addresses, and any other court-ordered information as set forth in the Order attached hereto as Attachment B of ISP's subscribers assigned the IP addresses identified on Attachment A on the corresponding dates at the corresponding times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: Law Offices of Marvin Cable c/o BRS<br>125 Route 526<br>Allentown, NJ 08501-2016 | Date and Time:<br>June 1, 2012 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: May 2, 2012

CLERK OF COURT        OR        */s/ Marvin Cable*

*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Third Degree Films, Inc.         , who issues or requests this subpoena, are:
Marvin Cable, Law Offices of Marvin Cable, 73 Bridge Street, Suite #6, Northampton, MA 01060, Email: contact@marvincable.com, Telephone: 413-268-6500

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 12-CV-10761-WGY

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  Custodian of Records
was received by me on *(date)*  May 2, 2012  .

☑ I served the subpoena by delivering a copy to the named person as follows:
Custodian of Records via Email (Lena_Demaio@cable.comcast.com)

on *(date)*  May 2, 2012  ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$  0.00  .

My fees are $  0.00  for travel and $  0.00  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  May 2, 2012

*Server's signature*

K. Reed, Service Agent
*Printed name and title*

8484 Wilshire Boulevard, Suite 220, Beverly Hills, CA 90211
*Server's address*

Additional information regarding attempted service, etc:

Case 1:12-cv-10761-WGY   Document 15   Filed 06/21/12   Page 7 of 12

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

ATTACHMENT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THIRD DEGREE FILMS<br><br>        *Plaintiff,*<br>v.<br><br>DOES 1 – 47,<br><br>        *Defendants.* | CIVIL ACTION No.: 1:12-cv-10761<br><br>[PROPOSED] **ORDER GRANTING PLAINTIFF'S EMERGENCY EX-PARTE MOTION FOR EARLY DISCOVERY** |

Upon consideration of plaintiff's Emergency Motion to Take Early Discovery, plaintiff's supporting memorandum, and the Declaration of Jon Nicolini attached to Complaint, plaintiffs Motion is hereby **GRANTED**. It is further **ORDERED** as follows:

1. Plaintiff is allowed to conduct immediate discovery on each Internet Service Provider ("ISP") listed in Exhibit A to the Complaint by serving a Rule 45 subpoena ("subpoena") that seeks information sufficient to identify each Doe defendant, including name, address (present and at the time of infringement), e-mail address, Media Access Control ("MAC") address, and the ISP's terms of service applicable for each defendant.

2. Plaintiffs may serve a subpoena also upon any intermediary ISPs that may be identified in response to a subpoena as providing Internet services to one or more of the Doe defendants.

3. Plaintiff shall cover any costs that the ISPs charge for researching Doe defendants.

4. The ISPs are authorized, pursuant to the Cable Privacy Act, 47 U.S.C. § 551(c)(2)(B), to comply with this subpoena, subject to the further conditions set forth in this Order.

1

5. Plaintiff shall use the information obtained by this subpoena solely for the purpose of protecting plaintiff's rights under the Copyright Act.

6. Plaintiffs shall attach a copy of this Order to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of this Order to each Doe defendant within seven days of service of the subpoena.

7. Plaintiffs shall also attach Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.

8. The ISPs shall not respond to the subpoena until thirty days after it has sent the Notice to each Doe defendant.

9. ISPs shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

SO ORDERED *as modified*

Dated: *May 1, 2012*

*William G. Young*
*District Judge*

# APPENDIX A

## COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the District of Massachusetts in Boston, Massachusetts, as a "John Doe" by the movie studio THIRD DEGREE FILMS. You have been sued for infringing copyrights on the Internet by uploading and/or downloading the motion picture "Milf Wars: Lisa Ann Vs Julia Ann." The movie studio has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

## YOUR NAME HAS NOT YET BEEN DISCLOSED. YOUR NAME WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA

Your name has not yet been disclosed. The movie studio has given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not yet decided whether you are liable for infringement. You can challenge the subpoena in Court. You have 30 days from the date that this notice is sent to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the companies cannot proceed against you until you are identified). The second page of this notice can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you do not file a motion to quash, at the end of the 30-day period, your ISP will send the movie studio plaintiff your identification information.

## OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court of Massachusetts, the movie studio must establish jurisdiction over you in Massachusetts. If you do not live or work in Massachusetts, or visit the state regularly, you may be able to challenge the Massachusetts court's jurisdiction over you. If your challenge is successful, the case in Massachusetts will be dismissed, but the movie studio may be able to file against you in another state where there is jurisdiction.

The movie studio may be willing to discuss the possible settlement of its claims against you. The parties may be able to reach a settlement agreement without your name appearing on the public record. You may be asked to disclose your identity to the movie studio if you seek to pursue settlement. If a settlement is reached, the case against you will be dismissed. It is possible that defendants who seek to settle at the beginning of a case will be offered more favorable settlement terms by the movie studio. You may contact the movie studio's representatives by phone at (413) 268-6500, by fax at (413) 268-6500, or by email at contact@marvincable.com.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

## RESOURCE LIST

The organizations listed below provide guidance on how to find an attorney. If you live in or near Massachusetts or Boston, the second and third listings below provide referrals for local attorneys.

**American Bar Association**
http://apps.americanbar.org/legalservices/findlegalhelp/home.cfm

**Massachusetts Bar Association**
http://www.massbar.org
Lawyer referral service: (617) 338-0610

**Boston Bar Association**
http://www.bostonbar.org
Lawyer referral service: (617) 742-0625

The organizations listed below have appeared before other courts around the country in similar lawsuits as "friends of the court" to attempt to protect what they believe to be the due process and First Amendment rights of Doe defendants.

**Electronic Frontier Foundation**
454 Shotwell Street
San Francisco, California 94110-1914
E-mail: information@eff.org

**Public Citizen**
1600 20th Street, NW
Washington, DC 20009
Phone: (202) 588-7721
E-mail: litigation@citizen.org