UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THIRD DEGAREE FILMS, *Plaintiff,* v. DOES 1 – 47, *Defendants.* | Civil Action No.: 1:12-cv-10761  Opposition to (ECF No. 9) a Doe's Motion to Quash |

Plaintiff hereby opposes the Motion, ECF No. 9. For reasons stated below, Plaintiff respectfully requests that the Court deny Doe's Motion, or strike the Motion from the docket.

1. **Pro se litigants may not be anonymous.**

As a general rule, parties should not be able to litigate their disputes anonymously – court should deny or strike Doe's motion. Rule 11(a) dictates that

> [e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the *signer's address, e-mail address, and telephone number*. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court *must strike* an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P.(emphasis added); *accord John Wiley & Sons, Inc. v. John Does Nos. 1-27*, 2012 U.S. Dist. LEXIS 13667, at *1-2 (S.D.N.Y. Feb. 3, 2012).

Similarly, Federal Rule of Civil Procedure 17(a) mandates that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). These rules serve the vital purpose of facilitating pubic scrutiny of judicial proceedings, and as such,

they "cannot be set aside lightly." *John Wiley & Sons*, 2012 U.S. Dist. LEXIS 13667, at *2 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008)).

The presumption is that all judicial proceedings remain open to the public. *Craig v. Harney*, 331 U.S. 367, 67 S. Ct. 1249, 91 L. Ed. 1546 (1947) (holding "[w]hat transpires in a courtroom is public property"); *see generally Richmond Newspapers v. Va.*, 448 U.S. 555, 589 - 594 (U.S. 1980). And while the Supreme Court has not specified detailed when parties may proceed anonymously, there is a test providing an exception to the general presumption, and it has been favored by courts in this district and circuit.

> The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' It is the exceptional case in which a plaintiff may proceed under a fictitious name.

*Doe v. University of Rhode Island*, 1993 U.S. Dist. LEXIS 19257, 1993 WL 667341 (D.R.I.), citing *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992); *see, e.g., Doe v. Bell Atl. Business Sys. Servs.*, 162 F.R.D. 418, 420 (D. Mass. 1995); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see generally Guerilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) ("When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury." (quoting *EW v. N.Y. BloodCtr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 467-468 (E.D. Pa. 1997) (Listing six factors which support the use of pseudonymous litigation and three factors which militate against the use of pseudonymous litigation)

Here, the matter is moot, Doe has *not* made a motion to proceed anonymously. Rather the Doe has unilaterally withheld his identifying information, including even his Doe number without permission of the Court. If a motion to proceed anonymously had been granted by this Court, then and only then should the Doe be able submit his motion in the

fashion he has already done.

If the Court does not agree that a motion to proceed anonymously is necessary before filing an anonymous motion or that Court reads Does original motion in a way like that of a motion to proceed anonymously, Doe still cannot proceed anonymously. Doe has *not* proffered an adequate reason why he should be afforded permission to proceed anonymously. The First Circuit has stated that "[o]nly the most compelling reasons can justify the non-disclosure of judicial records." *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1988) (citing *FTC v. Standard Financial Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)).

Further, it is impossible for any party or for the Court and Plaintiff to communicate with the movant, in this action.  A party should not be able litigate an action under such circumstances.  Accordingly, since defendant has failed to identify any legal ground for shielding [his/her] identify from disclosure, the Motion to Quash should be denied and stricken.

## 2. Doe lacks standing to challenge subpoena.

Doe lacks standing to challenge subpoena to third parties. See Fed. R. Civ. P. 45(c)(3)(B); *Liberty Media Holdings v. Swarm*, 2011 U.S. Dist. LEXIS 125512 (D. Mass. 2011); *United States Bank Nat'l Ass'n v. James*, 264 F.R.D. 17, 18-19 (D. Me. 2010) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997))); *Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008). As a Court in this district noted in *Liberty Media Holdings*, a party has no standing to challenge a subpoena issued to third parties unless it could assert some privilege to the requested document.  *See* 2011 U.S.

Dist. LEXIS 125512 (D. Mass. 2011), 13 n. 3 (noting that defendants could not viably assert privacy interest in subscriber information as they are already disclosed to the ISPs).

Doe suggests that he has standing because he has a right over disclosure of his personal identification information. He claims was he under the impression that no disclosure would occur except when the law compels disclosure. Doe reasons that Comcast agrees not to give out his personal identification information except when the law compels Comcast to do so, and since the subpoena is invalid, disclosure of his personal identifiable information is a violation of 47 USCS § 551 ("Cable Act") and Comcast's Customer Care Privacy Notice; therefore, Doe concludes, Court should quash the subpoena. But, the subpoena is valid, *see infra. §4* – and, therefore Comcast is not breaching their privacy policy nor the Cable Act. Therefore, Doe's Motion fails due to lack of standing, as Doe has no claim of privilege relating to the requested information.

### 3. There is no exception or waiver that applies to quash subpoena.

As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed.R.Civ.P. 45(d)(2).

Assuming *arguendo* that Doe has standing, an exception for claims of privilege does not apply here, as the moving defendant did not viably assert any claim of privilege relating to the requested information. *See supra §2 ¶ 2.* Importantly, Internet subscribers do not have a proprietary interest or an expectation of privacy in their subscriber

information because they have already conveyed such information to their Internet Service Providers ("ISPs"). Yet, courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information - including names, addresses, phone numbers, and e-mail address - as they already have conveyed such information to their ISPs. *See e.g., Liberty Media Holdings*, 2011 U.S. Dist. LEXIS 125512 (D. Mass. 2011); *United States v. Simons,* 206 F.3d 392 (4th Cir., 2000); *Guest v. Leis*, 255 F.3d 325, 335-36 (6th Cir.2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *U.S. v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *First Time Videos, LLC v. Does 1-500*, No. 10 C 6254, 2011 WL 3498227, at *5 (N.D. Ill. Aug. 9, 2011) ("[i]nternet subscribers do not have a reasonable expectation of privacy in their subscriber information - including name, address, phone number, and email address - as they have already conveyed such information to theirs ISPs."); *Third Degree Films, Inc. v. Does 1 - 2010*, Civil No. 4:11 MC 2, 2011 WL 4759283, at *3 (N.D. Ind. Oct. 6, 2011) (citing *First Time Videos*, 2011 WL 3498227, at *4) (holding that because "[i]nternet subscribers share their information to set up their internet accounts," the subscribers "cannot proceed to assert a privacy interest over the same information they chose to disclose."); *U.S. v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kan.2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties); *Achte/Neunte Boll Kino Beteiligungs GmbH & Co. KG v. Doe*, 736 F. Supp. 2d 212 (D.D.C. 2010) (collecting cases, including U.*S. v. Kennedy*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000)).

The only information sought through the Subpoena at issue is the Doe defendants'

contact information. This information has already been shared by the Doe with his respective ISP. Thus, in lieu of *supra* and *infra*, there is no expectation of privacy nor exception that applies to quash subpoena.

Further, Doe exposed his IP address to the public by sharing the Motion Picture at issue. The torrent software exposes the IP address of the infringer, as explained in the Compl. and the Decl. of Jon Nicolini.

Therefore, assuming *arguendo* Doe has standing, his Motion fails because it does not provide sufficient facts regarding subpoenaed information being privileged or otherwise protected matter, and does not provide an exception or waiver that would apply to satisfy Rule 45(c)(3)(iii).

## 4. Plaintiff has served the subpoena as required by Rule 45(b)(1).

Assuming Doe has standing to make such argument, as the subpoena was served upon ISP and not the Doe, Plaintiff has served the subpoena in compliance with Rule 45. Doe cites *Scarpa v. Saggese*, for interpreting the rule to mean that subpoenas must be delivered in person. 1994. U.S. App. LEXIS 2229 ("[A] subpoena cannot be left at someone's home; it must be served upon the person."). But, *Scarpa* involves different matters than are presented in the current case. In *Scarpa* the subpoena involves securing attendance of a witness to trial wherein leaving a subpoena at the nonparty witness' home did not provide the Court assurance that the nonparty witness has received the subpoena. The only way, in that instance, to provide the Court assurance that delivery was effectuated would be to deliver the subpoena in person. Here, however, the subpoenas are being served upon Verizon whom regularly receives similar subpoenas. Like most ISPs, Verizon has a standard operating procedure when it comes to how subpoena service will effectuate delivery upon said ISP, unlike the facts in *Scarpa* where there was no prior

dealings with the nonparty whom as being served a subpoena. Plaintiff, here, has used Verizon's (Doe's ISP) preferred method of service: e-mail. And Verizon has responded to many subpoena requests in other cases via e-mail, providing even more assurance that e-mail is sufficient to provide the Court the assurance that Verizon has received the e-mail. Doe's argument fails, and is moot, as Verizon has received subpoena.

## 5. Plaintiff needs information to proceed.

The case cannot proceed without identifying the defendant, and the defendant cannot be identified until the requested information is subpoenaed from the defendant's ISPs. As numerous prior courts have agreed, early discovery is the only way to gain the information necessary to move the case forward. *Se,e e.g., London-Sire Records, Inc. v. Doe 1*, 542 F.Supp.2d at 179 (D. Mass. 2008) ("Without the names and address [of the John Doe defendants], the plaintiff cannot serve process and the litigation can never progress."); *Sony Music Enter. Inc. v. Does 1–40*, 326 F.Supp.2d at 566 (S.D.N.Y. 2004).

Plaintiff is aware of no alternative method of identifying the defendants other than by serving a subpoena on their ISPs. Thus, Plaintiff's only recourse is to serve a subpoena to the ISPs who have the required information.

## 6. Conclusion

Based on the above-stated reasons, Plaintiff respectfully requests this Court to deny or strike the Motion to Quash submitted by Doe.

*   *   *

Respectfully submitted on July 2, 2012,

        FOR THE PLAINTIFF:

        */s/ Marvin Cable*

        Marvin Cable, Esq.
        BBO#:  680968
        LAW OFFICES OF MARVIN CABLE
        P.O. Box 1630
        Northampton, MA 01061
        P: +1 (413) 268-6500
        F: +1 (413) 268-6500
        E: law@marvincable.com

## CERTIFICATE OF SERVICE

     I hereby certify that on July 2, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

        */s/ Marvin Cable*
        Marvin Cable, Esq.

**Table of Contents**

1. **PRO SE LITIGANTS MAY NOT BE ANONYMOUS.** ................................................................................1
2. **DOE LACKS STANDING TO CHALLENGE SUBPOENA.** .....................................................................3
3. **THERE IS NO EXCEPTION OR WAIVER THAT APPLIES TO QUASH SUBPOENA.** ........................4
4. **PLAINTIFF HAS SERVED THE SUBPOENA AS REQUIRED BY RULE 45(B)(1).** ............................6
5. **PLAINTIFF NEEDS INFORMATION TO PROCEED.** ...........................................................................7
6. **CONCLUSION** ........................................................................................................................................7